# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FACTOM, INC.,[1] | Case No. 20-11602 (BLS) |
| Debtor. | Obj. Deadline: July 3, 2020 at 4:00 p.m. |

## MOTION OF THE DEBTOR FOR ORDER AUTHORIZING REJECTION OF UNEXPIRED LEASE NUNC PRO TUNC TO PETITION DATE

The Debtor hereby moves for an order, in the form annexed hereto, authorizing it to reject its lease of premises located at 7801 North Capital of Texas Highway, Suite 240, Austin, Texas 78731 ("Premises") nunc pro tunc to June 18, 2020 ("Petition Date"), pursuant to Bankruptcy Code section 365, and states:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. § 1408.

### BACKGROUND

2. The Debtor provides a "blockchain as a service" platform that permits companies and government agencies to permanently record data on blockchain, without the need to purchase cryptocurrency or costly infrastructure.[2]

3. The principal focus of the Debtor's business was integrating the platform into software utilized in connection with the mortgage origination and servicing process. The Debtor

---

[1] The Debtor's mailing address is 13492 Research Boulevard, P.O. Box 643, Austin, Texas 78750. The last 4 digits of its taxpayer identification number are 6915.

[2] Blockchain is a public ledger, used to record transactions in a verifiable and permanent way. Blockchain was first used as the public transaction ledger for Bitcoin.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FACTOM, INC.,[1]<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 20-11602 |

**MOTION OF THE DEBTOR FOR ORDER AUTHORIZING REJECTION OF UNEXPIRED LEASE NUNC PRO TUNC TO PETITION DATE**

The Debtor hereby moves for an order, in the form annexed hereto, authorizing it to reject its lease of premises located at 7801 North Capital of Texas Highway, Suite 240, Austin, Texas 78731 ("Premises") nunc pro tunc to June 18, 2020 ("Petition Date"), pursuant to Bankruptcy Code section 365, and states:

**JURISDICTION AND VENUE**

1.　This Court has subject matter jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. § 1408.

**BACKGROUND**

2.　The Debtor provides a "blockchain as a service" platform that permits companies and government agencies to permanently record data on blockchain, without the need to purchase cryptocurrency or costly infrastructure.[2]

3.　The principal focus of the Debtor's business was integrating the platform into software utilized in connection with the mortgage origination and servicing process.  The Debtor

---

[1] The Debtor's mailing address is 13492 Research Boulevard, P.O. Box 643, Austin, Texas 78750.  The last 4 digits of its taxpayer identification number are 6915.

[2] Blockchain is a public ledger, used to record transactions in a verifiable and permanent way.  Blockchain was first used as the public transaction ledger for Bitcoin.

has since wound down that business segment, and instead focused principally on adapting the platform for use by the Department of Homeland Security.

4. The Debtor leased the Premises, pursuant to a Lease Agreement with U.S. REIF EURUS Austin LLC (dba Stonecliff Building), an affiliate of Intercontinental Real Estate Corp., dated December 1, 2018 (as amended, "Lease"), principally in connection with development of its mortgage origination and servicing business segment.

5. The term of the Lease runs through May 31, 2024.

6. The Debtor has determined that it no longer needs the space, having wound down that business segment, and wishes to reject the Lease nunc pro tunc to the Petition Date.

7. Under the Lease, the Debtor is required to pay base rent and additional rent which together exceed $15,000/month. Absent rejection, the Debtor would be required to continue paying rent for space it does not need. The proposed rejection will accordingly result in substantial cost savings.

8. The Debtor surrendered the Premises to the landlord prior to the Petition Date and advised the landlord's management company that it would be seeking this relief.

## BASIS FOR RELIEF REQUESTED

9. The decision to assume or reject an unexpired lease is a matter within the business judgment of the Debtor. *E.g.*, *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982).

10. Upon finding that a debtor has exercised its sound business judgment in determining that lease rejection is in the estate's best interest, a court should approve the rejection. *In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *see also In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a

debtor's decision to assume or reject an executory contract or unexpired lease "should be granted as a matter of course").

11. The Lease is not a source of potential value for the Debtor's estate. The obligation to continue to pay rent and common charges erodes value and drains estate resources; therefore, rejection of the Lease reflects the Debtor's exercise of sound business judgment and should be approved.

12. Nunc pro tunc rejection should also be approved. In *In re Namco Cybertainment, Inc.*, No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998), the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and keys and building passcards) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was served on the landlord; (c) the official committee (if any) consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. *see also TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases nunc pro tunc to petition date when the debtor had not surrendered possession prior to the petition date).

13. Each of the foregoing requirements has previously been satisfied, save the fourth. A copy of the unequivocal statement of abandonment to the management company is annexed hereto as Exhibit 1. And as to the fourth, the Debtor hereby waives its right to withdraw the motion.

## NOTICE

14. Notice of this motion is being served on inter alia the Debtor's landlord.

## NO PRIOR REQUEST

15. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, the Debtor requests that the Court authorize rejection of the Lease nunc pro tunc to the Petition Date and grant such other and further relief as the Court deems just and proper.

Dated: June 19, 2020

Respectfully submitted,

/s/ Julia Klein
Julia Klein (DE 5198)
KLEIN LLC
919 North Market Street, Suite 600
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

- and -

Jeffrey Chubak (pro hac vice)
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Proposed Attorneys for the Debtor*