**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FACTOM, INC., | Case No. 20-11602 (BLS) |
| Debtor. | |

**FINAL APPLICATION OF AMINI LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTOR FROM JUNE 18, 2020-AUGUST 28, 2020**

| | |
|---|---|
| Name of applicant: | Amini LLC |
| Authorized to provide services to: | Debtor |
| Date of retention: | July 13, 2020 |
| Period for which compensation and reimbursement is sought: | June 18, 2020-August 28, 2020 |
| Amount of compensation sought: | $35,487 |
| Amount of expense reimbursement sought: | $3,585.02 |

This is a final application.

The total time expended for fee application preparation is 1.5 hours of attorney time, and 2 hour of paralegal time (not included in the annexed invoices), and the corresponding compensation requested (in addition to that set forth in the annexed invoices) is $1,010. In addition, Amini LLC anticipates incurring approximately $1,000 in expenses related to service of fee applications for itself, Delaware counsel and the Subchapter V Trustee and the effective date notice and related reproduction charges, and $22.50 in Court Call charges relating to the hearing on the parties' fee applications, which costs are included in the above.

This is the first application filed.

**Local Form 101 (Fee Application Cover Sheet)**

## ATTACHMENT B TO FEE APPLICATION

| Name of Professional Person | Initials Used in Invoices | Position; Dated Admitted to Bar; Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Jeffrey Chubak | JC | Associate; 2008; Bankruptcy | $500 | 66.6 | $33,300 |
| Avery Samet | AS | Partner; 2006; Bankruptcy | $550 | .1 | $55 |
| Leah Khalil | LK | Paralegal | $130 | 16.4 | $2,132 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Business operations | 3.8 | $1,900 |
| Case administration | 13.2 | $6,605 |
| Claims administration | 1.9 | $950 |
| Fee/employment applications | 3.7 | $1,110 |
| Assumption/rejection of leases | .2 | $100 |
| Other contested matters | 6.3 | $3,150 |
| Financing | 1.2 | $600 |
| Tax issues | .2 | $100 |
| Litigation | 14.4 | $1,872 |
| Plan and disclosure statement | 38.2 | $19,100 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Computerized research | PACER | $21.60 |
| Telephone conference services | Level 3 Communications | $68.45 |
| Telephone conference services | Court Call | $90 |
| Outside copying and mailing[1] | 11211 Packing/Shipping | $1,962.23 |
| Postage | USPS | $420.24 |
| Estimated outside copying and mailing | 11211 Packing/Shipping | $1,000 |
| Estimated telephone conference services | Court Call | $22.50 |

---

[1] Necessitated by office closure resulting from Coronavirus pandemic.

**Local Form 102 (Fee Application/Attachment B)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FACTOM, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-11602 (BLS) |

### FINAL APPLICATION OF AMINI LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPEENSES INCURRED AS COUNSEL TO THE DEBTOR FROM JUNE 18, 2020-AUGUST 28, 2020

Amini LLC, counsel to the Debtor, submits this final application for allowance of compensation for services rendered from June 18, 2020-August 28, 2020 ("Compensation Period") in the amount of $35,487, and reimbursement of expenses incurred on behalf of the Debtor during the Compensation Period in the amount of $3,585.02, pursuant to Bankruptcy Code section 330, Rule 2016, and Local Rule 2016-2. Invoices identifying time billed and expenses incurred during the Compensation Period are annexed hereto as Exhibit 1.

### BACKGROUND

1. This Subchapter V case was commenced on June 18, 2020.

2. On July 13, 2020, this Court entered an Order approving Amini LLC's employment as counsel for the Debtor, nunc pro tunc to the petition date [D.I. 52].

3. As described in Amini LLC's employment application [D.I. 11], Amini LLC was paid a retainer of $40,000 on May 19, 2020, of which $15,850 was applied to prepetition fees leaving a retainer balance of $24,150 on the petition date. No payments have subsequently been made to Amini LLC.

4. On August 27, 2020, this Court entered an Order confirming the Debtor's chapter 11 plan [D.I. 99]. The plan became effective August 28, 2020 [D.I. 100].

## SUMMARY OF SERVICES RENDERED BY PROJECT CATEGORY

5. In accordance with U.S. Trustee Fee Guidelines (28 C.F.R. Part 58, Appendix A) and Local Rule 2016-2(d), the following is a narrative summary of services rendered by Project Category.[1]

<u>Plan and Disclosure Statement</u>
38.2 hours; $19,100
Over half of the time billed was devoted to negotiation of a consensual chapter 11 plan.[2]

<u>Case Administration</u>
13.2 hours; $6,605
Time devoted to initial debtor interview, 341 meeting, schedules and statement of financial affairs and similar filings.

<u>Other Contested Matters</u>
6.3 hours; $3,150
Time devoted principally to motions filed by FastForward Innovations Limited to transfer and convert the case.

<u>Business Operations</u>
3.8 hours; $1,900
Time devoted principally to advising as to preparation of monthly operating reports, and maintenance of bank accounts.

<u>Fee/Employment Applications</u>
3.2 hours; $1,045
Time devoted principally to employment matters, and preparation of this application.

## BASIS FOR RELIEF REQUESTED

6. The applicable standard governing applications for allowance of hourly fees is set forth in Bankruptcy Code section 330(a)(3), which provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

---

[1] This summary excludes Project Codes as to which less than $1,000 was billed during the Compensation Period.

[2] Paralegal time billed to the Litigation Project Category (14.4 hours, $1,872) all relates to service of solicitation packages and tabulation related matters.

       (A) the time spent on such services;

       (B) the rates charged for such services;

       (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

       (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

       (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

       (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

7.    Courts ordinarily begin the reasonableness analysis by multiplying time spent by the applicable hourly rates (lodestar method) and then decide whether to make adjustments for one or another reason, such as those in section 330(a)(3)(C)-(F).

8.    As to this application, the applicable factors set forth in section 330(a)(3) warrant granting the application in full.

9.    <u>Time Spent; Rates Charged</u>.  Amini LLC submits time billed herein is reasonable; and in an age where associate billing rates at national law firms are pushing/exceed $1,000 hour,[3] that billing rate of counsel herein ($500/hour) is eminently reasonable.

10.    <u>Beneficial at Time Service was Rendered to Completing Case; Timely Performance</u>. This case was concluded with confirmation of a consensual plan in just over two months.

11.    <u>Skill and Expertise</u>.  Debtor's counsel Jeffrey Chubak has well over a decade of bankruptcy experience.

---

[3] Samantha Stokes, "Associate Hourly Billing Rates Surge Past $1k as Firms Snap Up Bankruptcy Work," The American Lawyer (May 22, 2020).

12. <u>No Unnecessary Duplication</u>.  The billing detail reflects that this matter was staffed leanly so as to minimize duplication of effort.

13. Pursuant to Rule 2016, Amini LLC states that no compensation has been promised to it for services rendered herein; nor does any agreement or understanding exist between the firm and any other entity for the sharing of compensation received or to be received for services rendered herein.

14. In accordance with Local Rule 2016-2(e)(iv), receipts for expenses for which reimbursement is sought shall be made available upon request.

15. In accordance with Local Rule 2016-2(g), Mr. Chubak states he has reviewed the requirements of the Local Rule and that this application complies with the same.

16. In accordance with the U.S. Trustee Guidelines (at ¶ (b)(1)(v)), the Debtor has been given the opportunity to review this application and has approved the requested amount.

Dated: September 4, 2020

KLEIN LLC

/s/ Julia Klein
Julia Klein (DE 5198)
KLEIN LLC
919 North Market Street, Suite 600
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

- and -

Jeffrey Chubak (pro hac vice)
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Attorneys for the Reorganized Debtor*